## Susan Seitz, Appellant, *v.* Christian Seitz.

*Divorce—Adultery—Evidence—Wife as witness—Act of May 23, 1887.*

Under the act of May 23, 1887, clause C, sec. 5, P. L. 158, which makes either party in a proceeding for divorce competent to testify against the other when personal service of the subpœna or rule to take depositions has been made, or the opposite party appears and defends, a wife is competent to testify as to adulterous acts of her husband which she has witnessed, and as to statements and admissions by him that he had committed adultery with other women.

*Husband and wife—Confidential communication.*

In such a case, where the statements made by the husband were not the confessions of a penitent husband, but boastful and defiant declarations of his misconduct and of his intention to openly persist in his course, accompanied by insolent and brutal taunts, they do not arise from the confidence existing between the parties, but from the want of it, and no considerations of public policy should protect them as confidential communications.

Argued May 20, 1895. Appeal No. 42, July T., 1894, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1889, No. 29, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Issue in divorce.

The defendant had been personally served with the subpœna.

At the trial plaintiff offered her own testimony to establish the charge of adultery; she testified as follows: Q. "State whether or not your husband, Christian Seitz, admitted to you he had committed adultery with Mary Patterson."

Defendant objected. Disallowed. Plaintiff excepted. [1]

Plaintiff offered to testify that Christian Seitz told her he had had to do with other women, and when she asserted that that woman was Mary Patterson, he did not deny it, but remained silent.

Defendant objected. Disallowed. Plaintiff excepted. [2]

Plaintiff offered to testify that Christian Seitz said to her he would continue his relations with other women openly; that he had one who was as clean as she was (plaintiff) and a little better.

Defendant objected. Disallowed. Plaintiff excepted. [3]

Plaintiff offered to testify that Christian Seitz was frequently away from his home nearly all night.

Defendant objected. Disallowed. Plaintiff excepted. [4]

Plaintiff offered to testify that Christian Seitz told her that he had made a bargain with a woman to "keep" her. Witness said that was Mary Patterson, and he remained silent.

Defendant objected. Disallowed. Plaintiff excepted. [5]

Plaintiff offered to testify that she found Christian Seitz in improper relations with their German girl, named Lizzie.

All of the above to have occurred between 1873 and 1874, in 1869, 1870 and the year following 1873–4.

Defendant objected. Disallowed. Plaintiff excepted. [6]

Plaintiff offered to testify that Christian Seitz admitted he had committed adultery with Kate Shelly in 1871–2 and 3.

Defendant objected. Disallowed. Plaintiff excepted. [7]

Plaintiff further testified as follows:

"Q. Was or not your husband away frequently at night? A. He was. Q. How late in the night? A. I think he went

away every other evening till 12 o'clock; sometimes not so late. At first when he started out he didn't stay so late. Afterwards he would stay later. Sometimes I seen him come home around 4 o'clock in the morning. Q. Did you or not frequently upbraid him for going with other women? A. Yes, sir."

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were, (1–7) ruling on testimony, as above; quoting the bill of exceptions.

*John A. Coyle, H. M. North* with him, for appellant.—The plaintiff was competent to testify fully in a proceeding for divorce for any cause; she was competent to testify that she caught her husband in the act of adultery, or any other situation, from which his adultery might be inferred; that he asserted, confessed and admitted it. She was competent to make out her whole case, act of May 23, 1887, P. L. 159; 1 Greenleaf on Evidence, 14th ed. sec. 334; 1 Wharton on Evidence, sec. 427.

The question does not depend upon the importance of a communication, but on the character of it. It must contain an element of confidence and an intention that it shall never be disclosed: Am. & Eng. Ency. of Law, 131.

The questions and offers to show by the plaintiff the acts of the defendant were objected to and disallowed because the grounds of divorce were adultery. There is neither reason nor authority in Pennsylvania for excluding the testimony of the wife as to the acts of adultery of the husband: Matchin v. Matchin, 6 Pa. 332.

*W. M. Franklin* and *Charles I. Landis, B. F. Davis* with them, for appellee.—It has ever been held in Pennsylvania that communications between husband and wife are privileged: Cornell v. Vanartsdalen, 4 Pa. 364; Hitner's App., 54 Pa. 110; O'Connor v. Majoribanks, 4 M. & G. 435; Homan v. Homan, 12 W. N. C. 86; Brock v. Brock, 116 Pa. 109; Cornelius v. Hamboy, 150 Pa. 359.

The act of May 23, 1887, has not changed the well settled rule of law as to communications between husband and wife.

A charge of adultery against a husband in a libel for divorce

is not sustained by the testimony of the wife to circumstances of suspicion alone : Graham v. Graham, 153 Pa. 450.

In a divorce case evidence of the confession of the defendant, especially when given only by oath of the plaintiff, is of no value without proof of corroborating circumstances : Edwards v. Edwards, 3 Pitts. 333 ; Quick v. Quick, 6 Kulp. 137 ; Eshbach v. Eshbach, 23 Pa. 343 ; Matchin v. Matchin, 6 Pa. 332.

Even if an offense were committed, condonation may be inferred from great length of time either in commencing or prosecuting a suit : Bishop on Marriage and Divorce. sec. 367 ; act of March 13, 1815, P. L. 150, sec. 7.

OPINION BY MR. JUSTICE.FELL, July 18, 1895:

On the trial of an issue in a proceeding for divorce in which the respondent had been personally served with the subpœna, the libellant was not allowed to testify to the conduct of her husband which she had witnessed, or to his statements made to her touching the ground of her complaint. Clause C, sec. 5, of the act of May 23, 1887, makes either party in a proceeding for divorce competent to testify against the other when personal service of the subpœna or rule to take depositions has been made, or the opposite party appears and defends. The libellant was clearly competent to testify to anything she had seen. The act removes all disqualifications on the ground of interest or policy of law except as provided in sec. 5, and she was within the exception which permits husband and wife to testify against each other.

It has been argued that the statements made by the respondent were properly excluded on the ground that they were confidential communications. Whether a communication is to be considered as confidential depends upon its character as well as upon the relation of the parties. It is essential that it should be made in confidence and with the intention that it should not be divulged. The privilege is based upon considerations of public policy, as in the case of husband and wife to preserve the peace, harmony and confidence of their relations, and in the case of attorneys and client to secure the unreserved communication which the ends of justice require. If not made because of the relation of the parties and in the confidence which that relation inspires and which it is the policy of the law to hold inviolate,

it is not privileged.  Ordinarily it might be inferred that communications made by a husband to his wife were made with the intent and in the confidence mentioned, but the circumstances and the nature of the statement repel such a presumption in this case.  The disclosures sought to be made, as indicated by the questions objected to, did not relate to the confession of a penitent husband who had confided to his wife the story of his wrongdoing, but to a boastful and defiant declaration of his misconduct and of his intention to openly persist in his course, accompanied by insolent and brutal taunts.  No considerations of domestic peace and harmony or of the sanctity of the marital relation forbid their disclosure to redress the wrongs of the injured party.  They did not arise from the confidence existing between the parties, but from the want of it.

The question referred to in the first assignment might have been objected to because of its form, and the offer contained in the fourth assignment appears to have been admitted.  These assignments are overruled, and the remaining assignments of error are sustained.

The judgment is reversed with a venire facias de novo.