# Welker, Appellant, *v.* New York Central Railroad.

*Malicious prosecution—Probable cause — Evidence — Husband and wife—Competency of witness.*

1. In cases of malicious prosecution, the question is not whether the person charged with crime is guilty of the offense, but what were the indications of his guilt at the time the arrest and prosecution took place.

2. The test is the prosecutor's belief in the evidence of probable cause and based on reasonable grounds existing at that time.

3. In such case, it is proper to refuse to permit a witness for plaintiff to testify that in his opinion there was no evidence produced at the hearing before a justice of the peace that the goods alleged to have been stolen by plaintiff, were in fact stolen.

4. While a wife is not a competent witness against her husband in a criminal proceeding, there is no rule of law which prevents a third person from instituting criminal proceedings based on facts learned through information given by the wife.

5. The admission of such facts in evidence is not permitting the wife to testify against her husband.

Argued May 17, 1922. Appeal, No. 138, Jan. T., 1922, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1920, No. 290, on verdict for defendant, in case of Charles L. Welker v. New York Central Railroad and Stephen R. Campbell. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for malicious prosecution. Before QUIGLEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were rulings and instruction, sufficiently appearing by the opinion of the Supreme Court, quoting record.

*T. M. B. Hicks,* with him *Henry C. Hicks,* for appellant.—Even conviction on trial is not conclusive, for, while a verdict of guilty is strong prima facie evidence of probable cause, it may be rebutted by proof that it was obtained by corrupt or undue means: Grohmann v. Kirschman, 168 Pa. 189; MacDonald v. Schroeder, 214 Pa. 411; Tyler v. Ritz-Carlton Co., 73 Pa. Superior Ct. 427.

A nol pros is such an ending of a criminal prosecution as will support an action for malicious prosecution: Shock v. M'Chesney, 4 Yeates 507; McClafferty v. Philip, 151 Pa. 86; Baldwin v. Von Der Ahe, 184 Pa. 116; Markley v. Snow, 207 Pa. 447; Weinstein v. Gelishansky, 66 Pa. Superior Ct. 38; Swartz v. Bortree, 253 Pa. 304.

*Henry Hipple,* of *McCormick & Hipple,* for appellee.— Probable cause has been held to be a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party to be guilty of the offense: Robitzek v. Daum, 220 Pa. 61; Mitchell v. Logan, 172 Pa. 349; Scott v. Dewey, 23 Pa. Superior Ct. 396; Boyd v. Kerr, 216 Pa. 259; Grohmann v. Kirschman, 168 Pa. 189.

A prosecutor who has made an honest mistake or who finds from any cause that his expected proof is likely to fail him, is not bound to go on and press for a conviction of the accused, guilty or not guilty: Kramer v. Kister, 187 Pa. 227; Madison v. R. R., 147 Pa. 509.

OPINION BY MR. JUSTICE FRAZER, June 24, 1922:

Plaintiff sued to recover damages for malicious prosecution, the result of his arrest on a charge of larceny, by Campbell, one of defendants, a police officer in the employ of defendant railroad company. At the trial of the case the court gave binding instructions in favor of defendant, on the ground that plaintiff failed to prove want of probable cause for his arrest.

The failure on plaintiff's part to prove want of probable cause was sufficient warrant in itself for the binding instructions here complained of; but, in addition, we find no substantial dispute as to the facts showing that probable cause for the prosecution appeared. In fact, plaintiff's own testimony shows probable cause. Plaintiff at the time of his arrest was an employee of defendant railroad company as a brakeman and extra conductor on local freight trains. Preceding plaintiff's arrest there had been losses of merchandise from these trains due to thefts and the duty of ascertaining, if possible, the guilty parties was assigned to Campbell. On the evening before the arrest plaintiff's wife telephoned Campbell, requesting him to call at her home and, on his arrival there, solicited his influence to adjust certain domestic difficulties existing at the time between her and plaintiff. On being informed by Campbell that his authority was confined to matters concerning the railroad company, Mrs. Welker said, "I will not protect him [plaintiff] any longer," and informed him her husband was in possession of a large quantity of property contained in trunks on the second floor of the house, a portion of which he had recently brought home and which she suggested Campbell examine. An investigation disclosed the trunks contained seven new shirts, thirty-two pairs of new socks, a dozen three cornered and half dozen flat files, a number of new tools, several of which were stamped with the name of defendant company, three carbide lamps and various other articles. Many of these corresponded with goods the theft of which Campbell was at the time investigating. While an examination of the property was being made, plaintiff returned home and Campbell left the house intending to make a thorough investigation the following morning. Late that night he received a telephone message from plaintiff's son to the effect that his father was removing the goods contained in the trunks which Campbell had partially examined; a warrant was immediately procured

from a local justice of the peace and early the following morning Campbell located the property in a garage loaded on a truck ready to be taken to Williamsport. Plaintiff was then arrested and subsequently given a hearing and held under bail for trial; later, however, after full investigation, defendant's attorney advised that the evidence was insufficient to justify further proceeding with the prosecution and recommended that a nol pros be entered, which was subsequently done by leave of court upon motion of the district attorney. This action then followed.

The above recited facts are practically undisputed. During the course of the trial plaintiff offered to prove he purchased the goods at different places, or otherwise acquired them in a proper manner; the offer was properly refused. In cases of this character the question is not whether the person charged with crime is guilty of the offense, but what were the indications of his guilt at the time the arrest and prosecution took place. The test is the prosecutor's belief in the existence of probable cause, based on reasonable grounds existing at that time; accordingly the inquiry must relate to the facts then known and as they then appeared: Robitzek v. Daum, 220 Pa. 61; Stratton v. Jordan, 77 Pa. Superior Ct. 596, and cases cited. In view of the fact that losses of goods from trains on which plaintiff was employed had occurred shortly before plaintiff's arrest, that a number of articles similar to those lost were found in his possession, and the quantity of such goods was larger than the average person in plaintiff's circumstances would purchase and have on hand for his personal use, together with the suspicious circumstance that plaintiff removed the goods from his home at night, immediately following the visit of defendant railroad company's officer, whom plaintiff knew to be a police officer in its employ, the court below was fully justified in concluding the circumstances were ample to warrant the inference that plain-

tiff was guilty of the charge made against him and thus furnished probable cause for his arrest.

In the first assignment of error complaint is made of the action of the court in sustaining an objection to a question whether there was produced at the hearing before the justice of the peace evidence that the goods in question were stolen. The refusal to admit this testimony was proper. The question sought to set up the opinion of the witness against the conclusion of the committing magistrate, whose record shows that, after hearing the testimony of several witnesses named, the accused was held in bail for court. The opinion of the witness, if permitted, would have furnished no legitimate basis for determining whether probable cause for the arrest existed.

Under the second assignment, plaintiff contends error was committed in receiving evidence of facts learned through declarations or acts of plaintiff's wife, on the ground that she would not have been a competent witness against him, and, consequently, statements made by her were incompetent. While the wife would not have been a competent witness against her husband, there is no rule of law which prevents a third person from instituting criminal proceedings based on facts learned through information given by the wife of the accused. The admission of such facts in evidence is not permitting the wife to testify against her husband: Com. v. Johnson, 213 Pa. 432.

The judgment is affirmed.