### In re Grand Jury Proceedings Susan ROVNER, Witness.

#### Misc. No. 74–143.

United States District Court,
E. D. Pennsylvania.
June 14, 1974.

Donald J. Goldberg, Philadelphia, Pa., for Susan Rovner.

Richard Galli, Asst. U. S. Atty., Philadelphia, Pa., for Government.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

A grand jury investigating one Robert Rovner has subpoenaed his wife, Susan Rovner, to obtain from her handwriting and/or handwriting samples. Mrs. Rovner refuses to comply with the subpoena, claiming that by giving handwriting samples she would be violating her privilege against testifying adversely to her husband. For the reasons stated below, we find the marital privilege to be inapplicable here and we will grant the government's motion to enforce the subpoena.

■ The marital privilege being asserted is the privilege against one spouse becoming an adverse witness against the other, Hawkins v. United States, 358 U.S. 74, 75, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), not, as Mrs. Rovner claims, against one spouse being used as the source of evidence against the other. The privilege has not been upheld when evidence provided by one spouse is introduced against the other by means other than the testimony of that spouse.

United States v. Mackiewicz, 401 F.2d 219 (2d Cir. 1968); United States v. Winfree, 170 F.Supp. 659 (E.D.Pa. 1959); Hilliard v. United States, 121 F.2d 992 (4th Cir.), cert. denied 314 U. S. 627, 62 S.Ct. 111, 86 L.Ed. 503 (1941). Mrs. Rovner is not being called to testify and thus cannot properly claim the privilege's protection.

■■ Even assuming that a spouse's incompetency to be a witness against the other spouse encompasses more than incompetency to testify against that spouse, it is clear that, were Mrs. Rovner the object of the grand jury investigation rather than her husband, the furnishing of the type of evidence which is sought here would not convert Mrs. Rovner into a witness against herself. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). It is inconceivable that an act which would not make one a witness against himself would make him a witness against another.