### In re a Grand Jury Subpoena Served on Lucy CLARK.

### No. M–11–188 (MP).

United States District Court, S. D. New York.

Dec. 12, 1978.

Bender & Frankel, New York City, for Lucy Clark, by Louis Bender, New York City.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by Michael S. Devorkin, Asst. U. S. Atty., New York City, for the U. S.

POLLACK, District Judge.

This is a motion to quash a grand jury subpoena served on Lucy Clark for the purpose of giving handwriting exemplars in connection with an investigation concerning her husband. Mrs. Clark objects to the subpoena on the ground that it violates her marital privilege to refuse to testify against her husband.

The rule in the federal courts is that a spouse may not testify against the other. *See Hawkins v. United States,* 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958). The rule does not prohibit giving non-testimonial evidence against a spouse nor otherwise generally protect one spouse from being used as the source of evidence against the other. The Supreme Court has held that handwriting exemplars are neither communicative nor testimonial, and thus are outside the scope of the Fifth Amendment privilege against self-incrimination. *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The purpose for the marital privilege—to foster family

**1150**

peace and trust—does not require a holding that handwriting exemplars are testimonial in this context. Therefore, the marital privilege does not prohibit the compulsion of exemplars from a spouse in connection with a grand jury investigation concerning the other spouse. *See In re Grand Jury Proceedings Rovner,* 377 F.Supp. 954 (E.D. Pa.), *aff'd mem.,* 500 F.2d 1400 (3d Cir. 1974), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 802 (1975); *State v. Henderson,* 268 N.W.2d 173 (Iowa 1978).

Accordingly, the motion to quash the grand jury subpoena is denied.

SO ORDERED.