419 A.2d 1204

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Tony Peter FRISOLI.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 18, 1980.

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellant.

Bernard V. O'Hare, Bethlehem, for appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

Tony Peter Frisoli has been charged with attempted murder, aggravated assault, recklessly endangering another person and unlawful possession of a firearm. His counsel notified the Commonwealth that he intended to offer a defense of "temporary insanity or a mental infirmity of such nature as to render him of diminished capacity." The trial court, in response to a Commonwealth pre–trial motion, ordered Frisoli to submit to a psychiatric examination but denied a request to examine and copy the report prepared by a psychiatrist employed to make an examination of the defendant.[1] The Commonwealth appealed from the portion of the order which denied its request to discover the defense psychiatric report.

 We conclude that the order of the trial court was interlocutory and, therefore, quash the appeal. It has been held that the Commonwealth may appeal from a pre–trial order (1) where the order will result in an absolute termination of the prosecution and (2) where the order will substan-

---

* Judge DONALD E. WIEAND is sitting by special designation.

1. The court denied the Commonwealth's request because the defendant had not received reciprocal discovery. Pa.R.Crim.P. 305(C)(2) provides:

"In all court cases, if the Commonwealth files a motion for pre–trial discovery, the court may order the defendant, subject to the defendant's rights against compulsory self-incrimination, to allow the attorney for the Commonwealth to inspect and copy or photograph any of the following requested items, upon a showing of materiality to the preparation of the Commonwealth's case and that the request is reasonable:

(a) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief, or which were prepared by a witness whom the defendant intends to call at the trial, when results or reports relate to the testimony of that witness, provided the defendant has requested and received discovery under paragraph B(1)(e)."

tially handicap the Commonwealth by preventing it from using against an accused all its available evidence. *Commonwealth v. Pomponi*, 436 Pa. 565, 259 A.2d 872 (1970); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963). In the instant case, the trial court's order has neither terminated the prosecution nor deprived the Commonwealth of the use of any evidence. It has merely denied the Commonwealth an opportunity to obtain pre–trial discovery of evidence gathered by the defense.

■ The Commonwealth argues that if it is not permitted to examine the report of defendant's psychiatrist it will be "substantially handicapped" in obtaining or presenting evidence of defendant's sanity. See: *Commonwealth v. Pomponi*, 447 Pa. 154, 284 A.2d 708 (1971). We reject this argument. The Commonwealth can prove an accused's sanity not only by psychiatric testimony but also by lay testimony which shows that he or she knew the nature and quality of the act committed and knew that what had been done was wrong. *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974). Moreover, the trial court directed Frisoli to submit to a psychiatric examination so that the Commonwealth might determine for itself appellant's mental condition and obtain expert testimony thereof.

■ Appellant's notice to the Commonwealth alleges temporary insanity or diminished responsibility. The notice did not contain a diagnosis or other specific information concerning the nature or extent of the mental disorder with which the defendant was alleged to be suffering. This information is required to be disclosed by Rule 305(C)(1)(b). If it is not disclosed prior to trial, a remedy is provided by Rule 305(C)(1)(d) and (E). For this additional reason, we are unable to conclude that the order appealed from instantly is either final or will substantially handicap the Commonwealth in its prosecution of charges against the appellee.

Appeal quashed.