532 A.2d 463

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Brian HOFFMAN, Appellee.**

Superior Court of Pennsylvania.

Submitted June 17, 1987.

Filed Oct. 13, 1987.

80

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Com., appellant.

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellee.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from the pretrial court's grant of appellee's motion to suppress a certain recorded conversation and the transcript thereof. Finding the suppression court's reliance upon *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and its progeny to be misplaced, we reverse the order of the suppression court and remand for further proceedings.

■ We initially note that the Commonwealth has set forth in its statement of jurisdiction that the entry of the suppression order in question substantially handicapped the prosecution, thereby properly invoking the jurisdiction of this court to entertain the appeal from an otherwise interlocutory order. In light of our Supreme Court's holding in *Commonwealth v. Dugger*, 506 Pa. 537, 545–46, 486 A.2d 382, 386 (1985), we will entertain the within appeal.

■ The Commonwealth argues that the trial court's suppression order was erroneous for two reasons: (1) appellee's Sixth Amendment right to counsel was not violated by the Commonwealth's interception of his second telephone call to the Commonwealth witness; and, (2) interrogation, as contemplated by *Massiah* and its progeny, did not occur in the instant case. For the following reasons, we agree with the Commonwealth on both claims.

Appellee was charged with criminal homicide. During a pretrial conference, a potential prosecution witness informed the Commonwealth that she had been at a party with the defendant and his codefendant. The victim arrived at the party with the codefendant, who secured a drink and returned to a truck with the victim. Appellee then entered the kitchen of the house where the party was held and said that they were going to "roll" and kill the victim. Appellee was also reported as saying that he was going to get a knife for that purpose. He showed the witness a knife before he left the party with his codefendant and the victim. A copy of the interview report was immediately given to defense counsel. Within two hours of disclosure of the

report, appellee, through a third party, called the witness at home and asked her to change her story. Appellee suggested that if she were asked why her testimony differed from the reported statement, she should indicate that she was forced to make the initial statement by the police. Appellee also indicated that he would call again the following day between 4:00 p.m. and 5:30 p.m. to ensure her cooperation. The witness notified the police of the telephone call, and wiretap procedures were initiated through the District Attorney's Office. Appellee telephoned the witness at 5:20 p.m. on the prearranged date and the conversation was recorded.

The Commonwealth proposed to offer the transcript and/or the tape recording through the direct testimony of the witness as evidence of consciousness of guilt. Defense counsel objected on the grounds that the witness acted as a state agent at the time of the telephone call, that appellant had been charged, arraigned and was represented by counsel, therefore raising the question as to the legality of the offer in light of *Massiah* and other cases. The suppression court found that the witness interrogated appellee in violation of his Sixth Amendment rights by asking appellee what he wanted her to say and granted the suppression motion.

It is clear that that the *Massiah* court found that the Sixth Amendment only forbids deliberate elicitation of incriminating remarks. *Cf., e.g., Kuhlmann v. Wilson,* 477 U.S. 436, 457, 106 S.Ct. 2616, 2629, 91 L.Ed.2d 364, 383 (1986); and *United States v. Henry,* 447 U.S. 264, 270, 100 S.Ct. 2183, 2186, 65 L.Ed.2d 115, 122 (1980). The activity which formed the basis for the suppression court's order herein does not give rise to deliberate elicitation of incriminating information by appellee.

As enunciated in *Kuhlmann v. Wilson, supra,* 477 U.S. at 459, 106 S.Ct. at 2630, 91 L.Ed. at 384–385:

> ... the primary concern of the *Massiah* line of decisions is secret interrogation by investigatory techniques that are the equivalent of direct police interrogation. Since "the Sixth Amendment is not violated whenever—by luck

or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached," [*Maine v. Moulton* ] 474 U.S., [159], at [176], 106 S.Ct. at [477] at 487 [88 L.Ed.2d 481 (1985) ], citing *United States v. Henry, supra*, [447 U.S.] at 276, 100 S.Ct., at 2189 (Powell, J., concurring), a defendant does not make out a violation of that right simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police. Rather, the defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks.

In light of the *Kuhlmann* enunciation, we must determine whether appellee demonstrated to the suppression court that some action was taken which was deliberately designed to elicit incriminating remarks.

As we noted earlier, appellee initiated and followed up on the contact with the witness. It was only after appellee's first telephone call that the witness contacted the authorities and informed them that appellee wanted her to change her testimony. Based upon this information, the authorities decided to record the second telephone conversation which was suggested and initiated by appellee. During the recording of the subject conversation, the certified officer, an Assistant District Attorney, did not listen to appellee's side of the conversation. He only heard the witness' voice. No efforts were made during that conversation to have the witness specifically elicit incriminating information; instead, the witness was instructed to avoid discussion of the trial or the pending charges against appellee. In light of the circumstances surrounding the intercepted conversation, we find that (1) the conversation did not give rise to interrogation as contemplated by *Massiah* and its progeny; and, (2) appellee's Sixth Amendment right to counsel was therefore not violated by the interception.

In conclusion, we note that we find no merit in appellee's counter-claims that (1) the appeal should be quashed be-

cause there is no statutory authorization for the appeal by the Commonwealth; (2) the Commonwealth has taken this appeal in bad faith as a trial delaying tactic; and, (3) the Commonwealth's allegations herein are based upon findings of fact and therefore not appealable. Our initial finding that this appeal is properly before us on its merits disposes of appellee's first counter-claim. As to his second and third, we find no evidence of bad faith on the part of the Commonwealth in exercising its legal right to appeal under these circumstances, and further find that the Commonwealth's allegations are clearly premised upon issues of law and not findings of fact.

The order of the suppression court is reversed, and the matter is remanded for further proceedings. Jurisdiction is relinquished.