581 A.2d 944

**COMMONWEALTH of Pennsylvania**

v.

**Lillian DUBIN, Appellee.**

**COMMONWEALTH of Pennsylvania**

v.

**Stanley DUBIN, Appellee.**

Superior Court of Pennsylvania.

Argued March 6, 1990.

Filed Oct. 25, 1990.

Petition for Allowance of Appeal
Denied March 18, 1991.

102

Andrea F. McKenna, Deputy Atty., Harrisburg, for Com.
John S. Summers, Bala Cynwyd, for appellees.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

In this prosecution for medicaid fraud, the Commonwealth has appealed from an order which, inter alia, granted defense requests for discovery and a bill of particulars and suppressed "documents, information or testimony" received from the defendant's estranged wife. We will review only the order suppressing evidence.[1]

1. The Court has jurisdiction to hear this appeal. The Commonwealth included in both its notice of appeal and its statement of jurisdiction a statement that the suppression order appealed from terminated or substantially handicapped the Commonwealth's prosecution of the

When Dena Dubin, the estranged wife of Dr. Stanley Dubin, learned that her husband and his mother, Lillian Dubin, were being investigated for medicaid fraud, she called the Office of the Attorney General and volunteered to assist in the investigation. Thereafter, she delivered to representatives of the Attorney General her husband's bank records, daily work sheets and copies of income tax returns which were stored in the home in which she and her husband had lived but which she then occupied alone. After Dubin and his mother were arrested, they moved to suppress this evidence. The suppression court, after hearing, held that the documents were privileged and ordered the same suppressed, as well as any trial testimony by the estranged wife.

The marital privilege is guaranteed by statute in Pennsylvania. The provisions of 42 Pa.C.S. § 5913 establish the incompetency of a husband or wife to testify against the other in a criminal proceeding. See: *Commonwealth v. Wilkes*, 414 Pa. 246, 199 A.2d 411 (1964), *cert. denied*, 379 U.S. 939, 85 S.Ct. 344, 13 L.Ed.2d 349 (1964); *Commonwealth v. Clark*, 347 Pa.Super. 128, 500 A.2d 440 (1985). See also: L. Packel and A. Poulin, Pennsylvania Evidence, § 507.3 at 332 (1987); 2 Henry, Pennsylvania Evidence, § 699 (4th ed.1953); 41 P.L.E. Witnesses § 98; Comment, Spousal Testimony in Pennsylvania, 86 Dick.L. Rev. 491, 505 (1982). A spouse, however, may be a source of evidence against the other. *In re Rovner*, 377 F.Supp. 954 (E.D.Pa.1974), *aff'd without op.*, 500 F.2d 1400, *cert. denied*, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 802 (1975); *Commonwealth v. Wilkes, supra; Commonwealth v. Blough*, 369 Pa.Super. 230, 535 A.2d 134 (1987) (plurality opinion). See also: Comment, Spousal Testimony in Pennsylvania, 86 Dick.L.Rev. 491 (1982). "Facts which have been learned by competent witnesses are not to be excluded because the witness may have been put on the track of

case. See: *Commonwealth v. Hoffman*, 367 Pa.Super. 79, 532 A.2d 463 (1987), *allocatur denied*, 518 Pa. 636, 542 A.2d 1366 (1987). See also: *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

them by information coming incidentally or otherwise from the [defendant] or his wife." *Commonwealth v. Johnson,* 213 Pa. 432, 433, 62 A. 1064 (1906). When such evidence is received, it is not the spouse who testifies against his or her marital partner. *Id.* See also: *Welker v. New York Central Railroad,* 275 Pa. 82, 118 A. 615 (1922).

■ The provisions of 42 Pa.C.S. § 5914 also render spouses incompetent to "testify to confidential communications made by one to the other," unless the privilege is waived. To be protected as a confidential communication, knowledge must be gained through the marital relationship and in the confidence which that relationship inspires. *Commonwealth v. Wilkes, supra; Seitz v. Seitz,* 170 Pa. 71, 74–75, 32 A. 578 (1895); *Commonwealth v. Rough,* 275 Pa.Super. 50, 64, 418 A.2d 605, 612–613 (1980). See also: 41 P.L.E. Witnesses § 98. The prohibition goes only to using a spouse's statements at trial; not to the action of the police in obtaining information. *Commonwealth v. Jones,* 501 Pa. 162, 167, 460 A.2d 739, 741–742 (1983). See also: *In re Rovner, supra; Welker v. New York Central Railroad, supra; Commonwealth v. Johnson, supra.*

In *Commonwealth v. Wilkes, supra,* the Supreme Court of Pennsylvania addressed the obtaining of evidence under circumstances similar to those in the instant case. There, the Commonwealth had alleged that the motive for defendant's killing his son had been an illicit relationship which both were conducting with the same woman. Following the killing, the defendant's estranged wife, while searching defendant's home, discovered love letters which the defendant had written to the woman. These letters were delivered to the authorities and were later offered and received as evidence at defendant's trial. The Supreme Court ruled that the evidence had been properly received. The letters were not privileged. They did not constitute a communication between the spouses, and their admission into evidence did not violate a confidence between them.

The evidence in the instant case is that Dena Dubin discovered her estranged husband's bank records, income tax returns, daily work sheets, etc. while looking through the marital home to determine his financial status for use in a pending divorce action. The delivery of these records to the Attorney General was not equivalent to giving testimony against her husband and was not barred by 42 Pa.C.S. § 5913. See: *Commonwealth v. Wilkes, supra.* See also: *Commonwealth v. Smith,* 270 Pa. 583, 113 A. 844 (1921). The production of these documents also did not constitute a disclosure of confidential communications. The documents evidenced business transactions with third persons and were not confidential communications between spouses. See: *Appeal of Robb,* 98 Pa. 501 (1881); *Commonwealth v. Darush,* 279 Pa.Super. 140, 420 A.2d 1071 (1980), *vacated on other grounds,* 501 Pa. 15, 459 A.2d 727 (1983), *Huffman v. Simmons,* 131 Pa.Super. 370, 200 A. 274 (1938). See also: L. Packel and A. Poulin, Pennsylvania Evidence, § 507.1 at 332 (1987). Moreover, they were not direct communications between the spouses; and, therefore, the privilege had no application. *Commonwealth v. Bishop,* 285 Pa. 49, 131 A. 657 (1926); *Commonwealth v. Smith, supra.*

We hold, therefore, that the suppression court erred when it suppressed the financial records of Dr. Dubin on grounds that they were inadmissible under the privilege applicable to spousal testimony.

Appellees contend, however, that Dena Dubin was an agent of the Commonwealth and that her conduct was equivalent to an unlawful intrusion by the Commonwealth into Dr. Dubin's privacy. The suppression court did not consider this argument, although the argument was timely and properly made by counsel. Our independent review of the record, however, discloses no basis for a finding of such agency. The testimony was that Dena Dubin had examined the records of her estranged husband in order to ascertain his financial conditions for her own purposes in the pending divorce action. When she learned of the investigation being

conducted by the Attorney General, it was she who made the contact and she who volunteered to deliver her husband's records to the investigators. She also volunteered to deliver any information which she obtained in the divorce action and, in fact, called the Attorney General's Office on several occasions to offer information which she had so obtained. The representatives of the Commonwealth did not instruct, direct or supervise Dena Dubin's activities. They did nothing more than accept the records and information which she voluntarily gave to them. Therefore, the evidence failed to support appellees' contention that the Commonwealth had conducted an unlawful search and seizure through a Commonwealth agent. See and compare: *Commonwealth v. Corley,* 507 Pa. 540, 491 A.2d 829 (1985); *Commonwealth v. Cieri,* 346 Pa.Super. 77, 499 A.2d 317 (1985); *Commonwealth v. Borecky,* 277 Pa.Super. 244, 419 A.2d 753 (1980).

Dena Dubin was the occupant of the marital home; and, after her husband had vacated the premises, she enjoyed control thereof. As such, she could consent to a search by representatives of the Commonwealth without violating rights guaranteed to her husband under the state or federal constitution. Similarly, she could search the premises herself and deliver financial records to representatives of the Commonwealth without violating her husband's right to be free from unreasonable searches and seizures. With respect to such records, Dr. Dubin no longer had any reasonable expectation of privacy. See: *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Commonwealth v. Gibbons,* 379 Pa.Super. 285, 549 A.2d 1296 (1988); *Commonwealth v. Van Jordan,* 310 Pa.Super. 516, 456 A.2d 1055 (1983); *Commonwealth v. Lowery,* 305 Pa.Super. 66, 451 A.2d 245 (1982); *Commonwealth v. Reiland,* 241 Pa.Super. 109, 359 A.2d 811 (1976). Cf. *Commonwealth v. Cihylik,* 337 Pa.Super. 221, 486 A.2d 987 (1985).

The trial court's order suppressing the trial testimony of the defendant's estranged wife was premature and

must be vacated. A ruling on a possible waiver of the spousal privilege properly could not be made until the time of trial. After the suppression court had handed down its order in the instant case, the statutory privilege was amended, effective June 29, 1989, to provide as follows:

### § 5913. Spouses as witnesses against each other

Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:

(1) in proceedings for desertion and maintenance;

(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;

(3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or

(4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse or rape.

42 Pa.C.S. § 5913. Section 2 of the Act provides that it "shall apply to all criminal cases pending on the effective date of this act." Consequently, it will be applicable upon trial of the instant case. Under this statute the defendant's spouse may waive the marital privilege and, with the exception of those confidential communications protected by 42 Pa.C.S. § 5914, become a witness against her husband. In order to permit the trial court to make an appropriate ruling on such testimony, we will vacate the present order suppressing trial testimony by the defendant's wife.

▮ Although the Commonwealth has been given a right of appeal from an adverse ruling by a suppression court, it cannot use such an appeal as a vehicle to obtain review of pre-trial court orders pertaining to defense re-

quests for discovery and/or a bill of particulars. Such orders are clearly interlocutory; they do not impair in any way the Commonwealth's ability to prove its case. Consequently, the trial court's decisions with respect thereto are not presently subject to review. See: *Commonwealth v. Barnes,* 463 Pa. 259, 344 A.2d 821 (1975); *Commonwealth v. Frisoli,* 277 Pa.Super. 396, 419 A.2d 1204 (1980). Cf. *In re McGovern,* 291 Pa.Super. 222, 435 A.2d 878 (1981) (discovery order in civil action not appealable).

The order of the trial court which suppressed documents and other information which had been delivered by Dena Dubin to investigators of the Attorney General is reversed. The order which suppressed the trial testimony of Dena Dubin against the defendant-appellee is vacated without prejudice to a reassertion of the marital privilege at the time of trial. Case remanded for further proceedings. Jurisdiction is not retained.

POPOVICH, J., concurs in the result.