460 A.2d 739

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jesse JONES, Jr., Appellant.

Supreme Court of Pennsylvania.

Submitted April 28, 1983.

Decided May 27, 1983.

James S. Bruno, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Michael Turner, Asst. Dist. Attys., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

■ On November 11, 1977, after a trial by jury, Jesse Jones was found guilty of first degree murder, robbery, burglary, criminal conspiracy, and possession of an instrument of crime. Under the statute then in effect, 18 Pa.C. S.A. § 1311, Act of 1974, March 26, P.L. 213, No. 46, § 3, *as amended*, Act of 1974, Dec. 30, P.L. 1052, No. 345, § 1 (*rewritten*, Act of 1978, Sept. 13, P.L. 756, No. 141, § 1; Act of 1980, Oct. 5, P.L. 693, No. 142, § 401(a); 42 Pa.C.S.A. § 9711) sentence of life imprisonment was imposed, because the jury found both aggravating and mitigating circumstances. Jones was given lesser concurrent sentences for the other convictions. Notice of Appeal to this Court was filed on July 7, 1980. Under former 42 Pa.C.S.A. § 722(1), Act of 1976, July 9, P.L. 586, No. 142, § 2, *as amended*, Act of 1978, April 28, P.L. 202, No. 53, § 10(4) (*rewritten*, Act of 1980, Sept. 23, P.L. 686, No. 137, § 1, effective in 60 days), this Court has jurisdiction of an appeal from a finding of guilt of a felonious homicide, where the appeal was filed before November 22, 1980.

The Commonwealth's evidence established that the victim, Rosetta Scott, was alive on April 30, 1977 when a friend called her. On May 3, a woman, accompanied by the Appellant, tried to withdraw money from Scott's savings account, but was refused for lack of verifiable identification. The following day at another branch, a man and woman succeeded in withdrawing $1,500.00 from Scott's account. On May 6, Scott's body was found in the bedroom of her home, shot nine times in the head. Police detectives found her car about one block away. Examination of the car turned up several items of clothing.

On May 10, an anonymous caller told the police that Scott's killer lived in the 3000 block of Colona Street. The following day another anonymous caller stated that the Appellant Jesse Jones had been driving Scott's car and that he lived at 3015 Colona Street. On May 12, Delores Jones, wife of the Appellant, was questioned by police, and positively identified several items of clothing found in the trunk of Scott's car as belonging to her husband. She also testified that she had seen him with a gun wrapped in a plastic bag on May 11. Based on the foregoing and other evidence, the police obtained an arrest warrant for Jesse Jones, who was taken into custody on May 12, 1977. While in custody, Jones gave a statement to police which was later used at his trial.

■ Our examination of the transcripts of the trial leaves no doubt that the evidence, exhaustively reviewed in the able Opinion of the Honorable John A. Geisz dated January 16, 1981, was sufficient to support the verdict. The Appellant raises five points of error, each of which was addressed by the lower court and correctly decided.

■ Appellant's first contention, that his right to a fair trial and due process of law were denied by the court's allowing the Commonwealth to strike for cause all prospective jurors conscientiously opposed to the death penalty, has been addressed and rejected by this Court numerous times. *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975);

*Commonwealth v. Kenney,* 449 Pa. 562, 297 A.2d 794 (1972); *Commonwealth v. Speller,* 445 Pa. 32, 282 A.2d 26 (1971); *See also, Witherspoon v. Illinois,* 391 U.S. 510, 516, 88 S.Ct. 1770, 1774, 20 L.Ed.2d 776 (1968), *and, Commonwealth v. Story,* 497 Pa. 273, 287–292, 440 A.2d 488, 495–498 (1981). Appellant also argues that specific jurors were improperly allowed to be stricken for cause by the Commonwealth. The Appellant's reading of the transcript to support his argument is highly selective. We have examined the entire voir dire testimony of each of these veniremen and find no error in their having been excused for cause.

 Jones next charges that the prosecutor violated the Code of Professional Responsibility, and his right to a fair trial, by certain conduct during his closing argument to the jury. Near the end of a lengthy summation, the prosecutor picked up the gun identified as the murder weapon, pulled the trigger several times, pretended to reload the gun, and pulled the trigger again, all within close range of the jury. Jones argues that these actions could only result in a determination of guilt that was the product of fear or vengeance rather than intellectually compelled after a disinterested, impartial, and fair assessment of the testimony. The Commonwealth correctly argues that because defense counsel immediately objected (which objection was sustained), but made no request for mistrial or curative instructions, the issue has been waived. *See Commonwealth v. Brown,* 467 Pa. 512, 359 A.2d 393 (1976). Even if preserved for review, however, the Appellant's claim is meritless. The trial judge noted in his Opinion his strong disapproval of the prosecutor's gesticulations, but not every impropriety on the part of the prosecutor warrants reversal. The trial judge, being in the best position to determine the appropriate remedy, will not be reversed except for abuse of discretion. *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975).

 Appellant's fourth allegation of error is based on alleged ineffectiveness of trial counsel for failure to call a certain witness. This witness, Jones claims, would have testified that Jones was with her at the time of the homicide. Judge Geisz observed that at the post-trial hearing on

the ineffectiveness claim Jones did not deny being in the house when the victim was killed. He correctly ruled that "there can be no ineffectiveness of trial counsel for failure to call an alibi witness when the defendant admits that her testimony would be perjured. Counsel cannot be held ineffective for failure to suborn perjury." (Opinion of the Court, Jan. 16, 1981, p. 21a).

Finally, Jones argues that the warrant for his arrest lacked probable cause because the information used to obtain the warrant was based upon statements made by his wife, which are privileged marital communications. 42 Pa. C.S.A. § 5913. This issue was properly decided by the Honorable Armand Della Porta at the suppression hearing held on September 7, 1977. "The prohibition goes to using it [a spouse's statement] at trial for conviction of a person. The prohibition doesn't go to the action of the police officer in obtaining information." (N.T. Motion to Suppress Hearing, Sept. 7, 8, 1977, pp. 22, 23) *See Welker v. N.Y. Central R.R.,* 275 Pa. 82, 118 A. 615 (1922); *Commonwealth v. Johnson,* 213 Pa. 432, 62 A. 1064 (1906); *In re Rovner,* 377 F.Supp. 954 (E.D.Pa.1974), *aff'd without op.,* 500 F.2d 1400 (3d Cir.1974), *cert. denied, Rovner v. U.S.,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 802 (1975).

Judgment of sentence affirmed.