J-S66011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MAURICE BATTLE, | |
| Appellant | No. 483 MDA 2014 |

Appeal from the Judgment of Sentence Entered January 29, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):
CP-40-CR-0001445-2011
CP-40-CR-0001471-2011

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 22, 2014**

Appellant, Maurice Battle, appeals from the judgment of sentence of 3-12 months' incarceration and a consecutive term of 12 months' probation, imposed following his conviction for drug-related offenses.  Appellant claims that the verdict was against the weight of the evidence and alleges that the Commonwealth engaged in prosecutorial misconduct.  After careful review, we affirm.

On January 25, 2011, Corporal Adam Christian (Christian), an undercover officer, and a confidential informant (CI) went to the home of Sabra Carpenter (Carpenter) in Hannover Township, where the CI and Christian had arranged to purchase crack cocaine.  Once they arrived, Carpenter made a short phone call and then told Christian and the CI that

"her guy" would arrive shortly. Within twenty minutes, an extremely tall black male with dreadlocks, later identified as Appellant by Christian, showed up at Carpenter's home. Christian gave $150 to Carpenter, who in turn gave that money to Appellant. Appellant delivered a bag of crack cocaine to Carpenter, and Carpenter then gave the bag to Christian. After he received the bag, Christian purchased an additional $50 of crack cocaine from Appellant, again using Carpenter as an intermediary. On February 3, 2011, Christian and the CI returned to Carpenter's home intending to purchase more crack cocaine. Carpenter contacted Appellant, and Appellant came to her home. Again using Carpenter as an intermediary, Christian purchased $210 of crack cocaine from Appellant.

Officer Stefanowicz provided surveillance for both drug buys. Stefanowicz testified that, on January 25, 2011, he saw a black male arrive and subsequently leave Carpenter's home in a Chevy. On February 3, 2011, Stefanowicz immediately recognized the same male arrive in the same vehicle at Carpenter's home. On the second occasion, he followed the Chevy when it left Carpenter's home and stopped it after he observed a speeding violation. Appellant was only given a verbal warning for the speeding violation, but Stefanowicz took the opportunity to photograph Appellant's license, thus confirming his identity. Appellant was subsequently apprehended in New Jersey after a warrant was issued for his arrest.

Appellant testified that he never sold nor used crack cocaine at any time in his life. He believed that he had been racially profiled by Stefanowicz

- 2 -

when he was stopped for speeding on February 3, 2011, as he denied having exceeded the speed limit. Appellant opined that Stefanowicz had framed him in order to cover up that violation of his civil rights.

After Appellant's first trial ended with a hung jury, he was convicted by a second jury of possession of a controlled substance, delivery of a controlled substance, and conspiracy for the events that occurred on January 25, 2011 (CP-40-CR-0001445-2011). He was convicted of identical charges for the events of February 3, 2011 (CP-40-CR-0001471-2011). On January 29, 2014, Appellant was sentenced to 3-12 months' incarceration for his delivery conviction at 1445-2011 and a consecutive term of 12 months' probation for his delivery conviction at 1471-2011. He did not file a post-sentence motion.

Appellant filed a timely, consolidated notice of appeal on February 12, 2014, from the sentences imposed at 1445-2011 and 1471-2011. On March 10, 2014, Appellant complied with the trial court's February 18, 2014 order directing him to file a Pa.R.A.P. 1925(b) statement. The Commonwealth filed a response on March 13, 2014. The trial court then issued an opinion pursuant to Rule 1925(a) on April 29, 2014.

Appellant now presents the following questions for our review:

    A. Whether the Assistant District Attorney committed prosecutorial misconduct when[,] during cross-examination, he called [Appellant]'s direct testimony a "performance?"

    B. Whether the verdicts were against the weight of the evidence?

Appellant's Brief at 4.

Appellant's first claim stems from a comment made by the prosecutor that Appellant's testimony was a "performance," which the prosecutor made at the beginning of his cross-examination of Appellant:

> Q[Assistant District Attorney Zola][:]  So, Mr. Battle, just so I'm clear - - and, I know you put on a great performance there on the end.
>
> MR. MARSILIO [Appellant's counsel]: Objection, Your Honor.  Move to strike.
>
> THE COURT: Sustained.  It's striken.

N.T., 10/21/13, at 138.

As is clear from the transcript, the trial court sustained Appellant's objection to the prosecutor's misconduct and struck it from the record. However, the cross-examination of Appellant continued without Appellant's making any request for a mistrial, or any other form of relief, based upon the prosecutor's unprofessional commentary.  Moreover, Appellant fails to cite where in the record that he requested any additional relief based upon the prosecutor's misconduct.

> It is well established that trial judges must be given an opportunity to correct errors at the time they are made. ***See Commonwealth v. Clair***, 458 Pa. 418, 326 A.2d 272, 274 (1974).  "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." ***Id.***, quoting ***Commonwealth v. Marlin***, 452 Pa. 380, 305 A.2d 14, 16 (1973) (citations omitted). *Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver*. ***See***, ***e.g.***, ***Commonwealth v. Jones***, 501 Pa. 162, 460 A.2d 739 (1983) (claim of prosecutorial misconduct waived where defense counsel immediately objected to the

prosecutor's conduct but failed to request mistrial or curative instructions); *Commonwealth v. Chimenti*, 362 Pa.Super. 350, 524 A.2d 913, 921 (1987) (issue was waived where defense counsel objected to a question posed by the prosecutor but failed to ask the trial judge to do anything further after the question had been answered).

*Commonwealth v. Strunk*, 953 A.2d 577, 579-80 (Pa. Super. 2008) (emphasis added).

In the instant matter, Appellant's counsel objected to the prosecutor's unprofessional conduct, and was immediately granted the relief he requested. He did not request a curative instruction, nor did he move for a mistrial. Accordingly, Appellant's claim that he should be granted a new trial based upon the prosecutor's comment is waived. *Id.* at 579.

Next, Appellant asserts that the verdicts at 1445-2011 and 1471-2011 were against the weight of the evidence. It is axiomatic that:

[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. *Commonwealth v. Sherwood*, 603 Pa. 92, 982 A.2d 483, 494 (2009).

*Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012).

Instantly, Appellant did not file a post-sentence motion, nor does the record reveal that Appellant preserved his claim "by a written motion before sentencing, or orally prior to sentencing." *Id.* Consequently, this issue has also been waived. *Id.*

Judgment of sentence ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014