J-S69016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY LEE CHRISTOFANO | : | |
| | : | No. 291 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000965-2016

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J.:                           FILED JANUARY 12, 2018

Appellant, Randy Lee Christofano, appeals from the judgment of sentence, imposed December 1, 2016, following a jury trial resulting in his conviction for driving under the influence ("DUI"), accident involving damage to unattended vehicle or property, and required financial responsibility.[1]  We affirm.

In February 2016, Shane Gilliland was working at his grandfather's garage on Center Avenue, Butler County, when he heard a vehicle drive down the alley behind the garage.  Notes of Testimony (N.T.), 9/21/2016, at 23.  Mr. Gilliland heard tires spinning, an engine revving, and then heard the "unmistakable sound of something getting crunched."  Id.  Mr. Gilliland exited the garage to see that his grandfather's truck had been struck while parked

_____

[1] 75 Pa.C.S §§ 3802(c), 3745(a), and 1786(f), respectively.

*   Former Justice specially assigned to the Superior Court.

in the alley. Id. He saw a black truck at the stop sign half way down the alley of Pepper Street and ran after the truck. Id. Mr. Gilliland followed the truck to nearby Hickory Street, where the truck backed over the curb while parallel parking. Id. at 24. Mr. Gilliand testified that as Appellant, the driver of the truck, exited the vehicle, Appellant had trouble walking straight. Id at 27. Upon speaking with Appellant, Mr. Gilliland noted that Appellant was "slurring his words and not putting sentences together very well." Id. Mr. Gilliland opined that Appellant was "lit" when he got out of his truck, which he defined to mean, "unable to operate [oneself] in a stable manner[;] [] really drunk or really messed up on something." Id. at 28-29. Defense counsel objected to Mr. Gilliland's lay opinion on Appellant's intoxication. Id. The objection was overruled. Id.

Mr. Gilliland provided a written statement of his observations surrounding the incident to police; however, this statement was not provided to the Commonwealth until the morning of trial. Id. at 33-34. Appellant first learned of Mr. Gilliland's statement during Mr. Gilliland's cross-examination, and defense counsel moved for a mistrial as the Commonwealth did not furnish a copy of the statement during discovery. Id. The trial court denied Appellant's motion and forbade the Commonwealth from using the statement in direct examination. Id. at 34.

At trial, Appellant conceded that he had hit the truck. Id. at 100. Appellant testified that while driving from the house of Kenneth Rose, his employer, he dropped a cigarette in his car, went to pick it up, and unwittingly

spun into the truck of Mr. Gilliland's grandfather. Id. Appellant further testified that he panicked and drove to his home, where he drank several shots of "Yager."[2] Id. at 102-05. When police arrived at Appellant's home, he complied with responding Officer Miles Bizub's request for an insurance card and was taken into custody. Id. at 42-43, 54-55. At the police station, Appellant submitted to a breath test, which revealed that his blood alcohol level was 0.231. Id. at 66-67. Appellant did not make a statement to police. Id. at 55.

In its closing argument, the Commonwealth argued that the timeline of events contained a window of unaccounted for time wherein Appellant could have stopped at the Monroe Hotel, a local restaurant and bar he had to pass on his travel home, and imbibed alcohol prior to the accident. Id. at 115.[3] The Commonwealth also argued that:

> [Appellant] didn't volunteer to the police that he had just drank a whole bunch when he got home. He had the opportunity to do so when he blew in to the breathalyzer test. He could have explained it away. But he didn't. His mom had the opportunity to go to the police. All the way from back in February. It is now September. She had seven months to go to the police station and get these charges dropped by explaining this. And she didn't. Ladies and gentlemen of the jury, use your own common sense in this case.

_____

[2] Jägermeister is a liqueur.

[3] Mr. Rose testified that Appellant left his house around 9:00 P.M. or later, and estimated that the duration of the drive between the two homes takes less than ten minutes. Id. at 86-87. Mr. Rose further testified that the Monroe Hotel is located between the two homes. Additionally, Officer Bizub testified that he received notification of the incident around 9:49 P.M., and he arrived on the scene less than five minutes later. Id. at 37.

- 3 -

Id. at 115. At the end of the closing argument, defense counsel objected to the Commonwealth's statement about the Monroe Hotel, reasoning that the comment called for speculation. Id. at 116-17. Defense counsel also objected to the Commonwealth's commentary on Appellant's right to remain silent, arguing that the observations were an improper implication in violation of Appellant's Fifth Amendment right. Id. at 117. Defense counsel did not request any remedy in conjunction with these objections. Id. The trial court noted Appellant's objections and explained that it was "not going to say anything to the jury." Id.

Following trial, the jury found Appellant guilty of the aforementioned charges. Appellant was sentenced initially in December 2016; however, the trial court granted Appellant's motion to modify sentence, and Appellant was resentenced to sixty months of intermediate punishment on the DUI, subject to several stipulations.[4] Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion.

Appellant presents the following questions for our review:

> 1. Whether the trial court erred by overruling a defense objection to a Commonwealth witness, Shane Gilliland, rendering an opinion as to whether the Appellant was drunk or sober when he was confronted?

---

[4] Appellant was to serve forty days' incarceration; followed by sixty days of house arrest with electronic monitoring; Appellant was ordered complete a drug and alcohol program; and the remaining period was to be served in restorative sanctions. See Order of the Court, 1/11/2017; Motion to Modify Sentence, 12/12/2016.

2.      Whether the trial court erred by denying Appellant's motion for mistrial where the Commonwealth failed to provide the defense with a copy of a statement of a Commonwealth witness, Shane Gilliland, that was in the possession of the police?

3.      Whether the trial court erred by overruling Appellant's objection to the prosecuting attorney speculating, in her closing argument, as to whether Appellant may have stopped at a bar, namely the Monroe Hotel, on his way home from his boss' house?

4.      Whether the trial court erred by overruling Appellant's objection to the prosecuting attorney commenting, in her closing argument, on Appellant's silence when confronted by the police?

Appellant's Brief at 12.

In Appellant's first claim, he argues that the court improperly admitted opinion testimony of a lay witness as to Appellant's sobriety at the time Appellant exited his vehicle. Appellant's Brief at 23. Specifically, Appellant avers that Mr. Gilliland's observations did not establish a sufficient basis for him to render an opinion on Appellant's intoxication. Id. at 24. We disagree.

Our standard of review of a trial court's admission of evidence is well settled:

> A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion. Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

Commonwealth v. Huggins, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotations omitted). Additionally, our scope of review is plenary, as the appellate court may review the entire record in making its decision. Commonwealth v. Delbridge, 859 A.2d 1254, 1257 (Pa. 2004).

The admission of opinion testimony by a lay witness is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. "A lay person may testify to distinct facts observed by him concerning the apparent physical condition or appearance of another." Commonwealth v. Monarch, 165 A.3d 945, 949 (Pa. Super. 2017) (citing Commonwealth v. Counterman, 719 A.2d 284, 301 (Pa. 1998)).

> Intoxication is a matter of common knowledge, and opinions given by lay people are permissible on the issue. However, the lay witness must have sufficient facts on which to base his opinion before he can express an opinion on another's intoxication. The court also looks to the witness' personal knowledge and observation.

Commonwealth v. Bowser, 624 A.2d 125, 133 (Pa. Super. 1993) (internal citations omitted).

In the instant case, Mr. Gilliland's lay opinion was permissible, as he testified to numerous observations of Appellant's behavior that led to his conclusion that Appellant was intoxicated. Mr. Gilliland testified that Appellant was not "walking very straight[;] … having trouble walking, to say the least." N.T., 9/21/2016, at 27. Mr. Gilliland also noted that Appellant was slurring his words and having difficulty putting sentences together. Id. Mr. Gilliland also outlined his personal knowledge of the effects of intoxication, stating that he had seen intoxicated people before, had himself been intoxicated before,

and noted the differences between the speech and gait of sober persons and intoxicated persons. Id. at 28. Mr. Gilliland had sufficient factual basis to conclude Appellant was intoxicated, and we discern no abuse of discretion in the trial court's admission of this opinion testimony. Bowser, 624 A.2d at 133; Huggins, 68 A.3d at 966.

In his second issue, Appellant claims that the trial court erred in denying Appellant's motion for mistrial when the Commonwealth failed to provide a copy of Mr. Gilliland's statement as was previously requested in discovery. Appellant's Brief at 25-27. Appellant argues that the Commonwealth's failure to furnish the statement prejudiced Appellant and deprived him of a fair trial. Id. We conclude that Appellant suffered no prejudice and discern no error by the trial court.

"A mistrial is an extreme remedy that must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." Commonwealth v. Bracey, 831 A.2d 678, 682 (Pa. Super. 2003) (internal citations omitted).

Pennsylvania Rule of Criminal Procedure 573 titled, "Pretrial Discovery and Inspection," outlines that:

> Before any disclosure or discovery can be sought under these rules by either party, counsel for the parties shall make a good faith effort to resolve all questions of discovery, and to provide information required or requested under these rules as to which there is no dispute.

Pa. R. Crim. P. 573(A). Additionally, where a defendant files a motion for pretrial discovery, it is within the discretion of the trial court to order the

- 7 -

Commonwealth to provide access to a witness' statement. Pa.R.Crim.P. 573(B)(2)(a)(ii). The Rule provides that the Commonwealth is under a continuing duty to "promptly notify the opposing party or the court" if "prior to or during trial, [it] discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule[.]" Pa.R.Crim.P. 573(D). Rule 573 further provides:

> If a discovery violation occurs, the court may grant a trial continuance or prohibit the introduction of the evidence or may enter any order it deems just under the circumstances. Pa.R.Crim.P. 573(E)[ ]. The trial court has broad discretion in choosing the appropriate remedy for a discovery violation. Our scope of review is whether the court abused its discretion in not excluding evidence pursuant to Rule 573(E). A defendant seeking relief from a discovery violation must demonstrate prejudice. A violation of discovery does not automatically entitle appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure.

Commonwealth v. Causey, 833 A.2d 165, 171 (Pa. Super. 2003), appeal denied, 848 A.2d 927 (Pa. 2004) (case citations and quotation marks omitted).

In its informal discovery request, Appellant specifically requested inter alia any written or recorded statements of any witnesses. See Informal Request for Discovery Letter, 7/12/2016. Here, the Commonwealth received Mr. Gilliland's statement from Officer Bizub on the morning of trial and did not provide this requested statement to Appellant. N.T. 9/21/2016 at 34. This constituted a discovery violation. The trial court utilized one of the remedies outlined in Rule 573(E) and prohibited the Commonwealth's use of Mr.

Gilliland's statement. Id. We determine that the trial court's remedy was appropriate as the contents of Mr. Gilliland's statement were never presented to the jury for consideration.

Moreover, the single paragraph of argument in Appellant's brief fails to explain how the late revelation of the existence of this statement affected his trial strategy or how he was otherwise prejudiced by the late disclosure. See Appellant's Brief, at 26-27. Therefore, because Appellant has failed to establish that he was prejudiced by the Commonwealth's late disclosure of the statement; we conclude that the trial court properly denied his motion for a mistrial. See Causey, 833 A.2d at 171. We discern no abuse of discretion.

The Appellant next claims that the trial court erred by overruling his objection to the prosecutor's supposition in closing argument that Appellant may have stopped at a bar on his way home. Appellant's Brief at 27-29. Appellant avers that this statement was not a reasonable inference based on the evidence presented at trial. Id. at 29. Upon a review of the record, we disagree.

In the context of prosecutorial misconduct during closing arguments, we note the following:

> It is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict.

> Prosecutorial misconduct is evaluated under a harmless error standard.

Commonwealth v. Holley, 945 A.2d 241, 250 (Pa. Super. 2008) (internal citations and quotations omitted). "Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." Commonwealth v. Judy, 978 A.2d 1015, 1020 (Pa. Super. 2009) (citing Commonwealth v. Chmiel, 889 A.2d 501, 544 (Pa. 2005) (internal citations and quotations omitted)).

In its closing argument, the Commonwealth argued that, between 9:00 P.M. and 9:45 P.M., Appellant could have stopped at the bar on his route home and imbibed alcohol prior to the accident. Id. at 115. This argument was a reasonable inference based on the evidence elicited at trial. The timeline of events were established by the testimony of both Mr. Rose and Officer Bizub. Id. at 37, 86-87. Mr. Rose explained that (1) Appellant did not consume alcohol in his presence, (2) it took less than ten minutes to drive from his home to Appellant's home, and (3) confirmed that the Monroe Hotel was on the way to Appellant's house. Id. at 86-87. Coupled with Mr. Gilliland's opinion that Appellant was intoxicated upon exiting the truck, it was a reasonable and permissible argument that Appellant may have consumed alcohol at some point in the time leading up to the accident. Thus, we discern no misconduct.

In his fourth claim, Appellant asserts that the trial court committed reversible error by overruling his objection to the prosecutor's impermissible

commentary on his silence at the time of arrest. See Appellant's Brief at 29-35. We are constrained to find this claim waived.

This Court has previously observed:

[The protection afforded by a defendant's right to remain silent] is implicated when there is commentary or a question that highlights that a defense or explanation offered at trial could have been proffered earlier, but was not. As stated in Doyle v. Ohio, 96 S. Ct. 2240, 2245 (1976), "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.

Commonwealth v. Johnson, 788 A.2d 985, 988 (Pa. Super. 2001); see also Commonwealth v. DiPietro, 648 A.2d 777 (Pa. 1994); Commonwealth v. Turner, 454 A.2d 537 (Pa. 1982); and Commonwealth v. Dulaney, 295 A.2d 328 (Pa. 1972).

However, "even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver." Commonwealth v. Sandusky, 77 A.3d 663, 670 (Pa. Super. 2013), see also Commonwealth v. Brown, 134 A.3d 1097, 1107 (Pa. Super. 2016), appeal denied, 145 A.3d 161 (Pa. 2016) (finding appellant's prosecutorial misconduct claim waived following defense counsel's failure to request any further action on the part of the court upon lodging a timely objection to comments by the prosecutor); Commonwealth v. Jones, 460 A.2d 739, 741 (Pa. 1983) (finding prosecutorial misconduct claim

waived where defense counsel immediately objected to the prosecutor's conduct but failed to request mistrial or curative instructions).

Here, Appellant objected to the prosecutor's comments that Appellant failed to volunteer that he drank when he got home and could have explained the incident away upon taking the breath analysis test while in police custody. N.T., 9/21/2016, at 115-17. Appellant has not properly preserved this claim for appellate review, as he failed to move for a mistrial or request a curative instruction. Sandusky, 77 A.3d at 670.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2018