J-A25011-20

**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD F. ADAMS JR. | : | |
| | : | |
| Appellant | : | No. 82 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 5, 2019
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000933-2017

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED: JANUARY 8, 2021**

Leonard F. Adams, Jr. appeals from the judgment of sentence of eleven and one-half to twenty-three months of incarceration, followed by one year of probation, imposed after a jury convicted him of indecent assault. We affirm.

Appellant was charged with indecent assault for repeatedly having indecent contact with S.H., an eleven-year-old girl. As this was not the first time he had been investigated regarding his conduct with a minor, Appellant filed a pre-trial motion *in limine* to exclude any references to the prior investigation by Children and Youth Services ("CYS"). The trial court granted the motion on the record. *See* N.T. Trial, 7/19/19, at 4.

At trial, in addition to the testimony of S.H., S.H.'s mother, and a forensic interviewer, the Commonwealth offered the testimony of two individuals present when Appellant was interviewed at the Bloomsburg

barracks of the Pennsylvania State Police: Jennifer Edgar, a CYS caseworker, and Trooper Eric Shellenberger. The latter two witnesses provided consistent testimony about the admissions Appellant made during that interview. However, during the prosecution's questioning of Ms. Edgar, the jury heard the following:

> Q. During the interview on November 8th of 2017, did [Appellant] make any statements relating to touching S[.H.]?
>
> A. Yes.
>
> Q. What statements did he make?
>
> A. He informed us that he knew why he was there. He said that his son told him he was being blamed for sexually abusing S[.H]. He also informed us that he was accused in the past of molesting –
>
> [Appellant's counsel]: Objection.
>
> The Court: Sustained.
>
> Ms. Edgar: He admitted that he had tickled her, he said that it was under her arms, it could have been under her shirt, he couldn't remember. Later he did state that he tickled her under the shirt and then he informed us that he did rub her breasts. He told her that she was becoming a big girl while he was doing that to her. He also informed us that he did go down her pants, [but] it was on top of her underwear. He said that he had touched he vagina directly one time and the other time was above the vagina. And he also told her not to tell anyone because he would get in trouble.

*Id*. at 91-92.

The Commonwealth did not mention this reference to the past accusation in its closing argument when summarizing Ms. Edgar's testimony concerning Appellant's admissions. *See id*. at 236-39. Nor does the record

- 2 -

reflect that Appellant moved for a mistrial or requested a limiting instruction based upon Ms. Edgar's statement.

The jury found Appellant guilty of indecent assault and determined that his actions constituted a course of conduct, which caused his crime to be graded as a third-degree felony. *See* Verdict, 7/19/19; 18 Pa.C.S. § 3126(b)(3)(ii). Appellant was sentenced as detailed above on December 5, 2019. In a timely post-sentence motion, Appellant requested a new trial due to Ms. Edgar's improper testimony, although he acknowledged that "there was no request for a motion to strike, a request for a mistrial, or even a limiting instruction by counsel nor was there [one] given by [the trial court]." Post-Sentence Motion, 12/11/19, at ¶ 12. The trial court denied Appellant's motion, and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one claim of error for our review: "The Trial Court failed to declare a mistrial or even giving a limiting instruction when the Commonwealth witness from Child Youth and Family testified that [it] had previous investigations of [Appellant] for similar conduct thereby directly ignored a pre-trial ruling excluding all testimony regarding previous investigations of [Appellant]." Appellant's brief at 4.

We begin with a review of the applicable law. "A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by

preventing the jury from weighing and rendering a true verdict."

***Commonwealth v. Powell***, 171 A.3d 294, 301 (Pa.Super. 2017) (quoting

***Commonwealth v. Brooker***, 103 A.3d 325, 332 (Pa.Super. 2014)).  We

review the decision to grant a mistrial for an abuse of discretion.  ***See***

***Commonwealth v. Kelly***, 797 A.2d 925, 936 (Pa.Super. 2002).

The trial court offered the following explanation for why Appellant is

entitled to no relief:

> There was no request for a mistrial.  There was no request for a curative or limiting instruction.  There was no motion to strike the testimony, although in effect the sustaining of the objection accomplished that.  Under the circumstances, a curative or limiting instruction would have done more harm than good by highlighting the objectionable evidence.
>
> It seems that the issue is whether the court should have *sua sponte* ordered a mistrial without a defense motion.  Under the circumstances of this case, defense counsel may have had a reason for not requesting a mistrial.  The court could certainly understand why the defense would not request a cautionary or curative or limiting instruction.  Without a motion for a mistrial, any error was waived.

Trial Court Opinion, 3/11/20, at 1-2.

We agree.  Pennsylvania appellate courts have repeatedly held that

where "defense counsel lodged an immediate objection to the [event forming

the basis of the appellate argument for a mistrial], which was sustained by

the trial court, and defense counsel did not request a mistrial or further

curative instructions, the issue has been waived."  ***Commonwealth v. Le***,

208 A.3d 960, 978 (Pa. 2019).  ***See also Commonwealth v. Jones***, 460

A.2d 739, 741 (Pa. 1983) (same); ***Commonwealth v. Sandusky***, 77 A.3d

- 4 -

663, 670 (Pa.Super. 2013) ("Sandusky did not move for a mistrial or request a curative instruction; he merely lodged an objection. As such, this claim is not preserved for appellate review.").

It is true that a trial court has the discretion "to declare a mistrial *sua sponte* upon the showing of manifest necessity[.]" **Commonwealth v. Kelly**, **supra** at 936; **see also** Pa.R.Crim.P. 605(B). However, the authority upon which Appellant relies in arguing that the trial court should have done so in this instance are inapposite. It does not stand for the proposition that a criminal defendant may obtain an order for a new trial from an appellate court, despite his never asking the trial court for one, because manifest necessity required the trial court to have declared a mistrial of its own accord. Rather, the cases address the situation in which the trial court exercised its authority to declare a mistrial and the defendant contended that such exercise was not manifestly necessary, such that permitting a new trial would violate his double jeopardy rights. **See** Appellant's brief at 8-10. Indeed, Appellant's entire argument is a block quote from this Court's decision in **Commonwealth v. Walker**, 954 A.2d 1249 (Pa.Super. 2008) (*en banc*), an appeal "from the denial of a motion to dismiss on double jeopardy grounds following declaration of a mistrial *sua sponte*[.]" **Id**. at 1254.

Appellant cites no authority to suggest that he was relieved of his duty to request a mistrial in order to preserve the issue for our review. Therefore, we conclude that his failure to request the relief from the trial court that he

seeks in this appeal results in waiver of his claim. ***See Le***, ***supra***. ***See also Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa.Super. 2008) ("It is well established that trial judges must be given an opportunity to correct errors at the time they are made. . . . Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver."). Consequently, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/08/2021