J-S22010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN DAVIS | : | |
| | : | |
| Appellant | : | No. 2606 EDA 2021 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1006341-1977

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 22, 2022**

Kevin Davis appeals the November 19, 2021 order denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

The factual background of this case was previously summarized by the Pennsylvania Supreme Court, as follows:

> At approximately [4] a. m. on May 8, 1977, Appellant was sitting in a taxicab he had stolen the previous evening, waiting for the victim, Gerald Kramer, Appellant's former employer, outside Kramer's store at 17th Street and Belfield Avenue in Philadelphia. When Kramer left his store, Appellant shot him twice from inside the cab with a twelve-gauge sawed-off shotgun, causing Kramer's death.  Appellant left Philadelphia the next day, spending the next several months in North Carolina, Georgia and Virginia.  He returned to Philadelphia on September 9, 1977, and was arrested in his mother's home on outstanding warrants for Kramer's murder and the earlier robbery of Kramer's store, . . . on September 10, 1977.

***Commonwealth v. Cargo***, 444 A.2d 639, 640 (Pa. 1982) ("***Cargo***") (cleaned

up).[1]/[2]  Ultimately, Appellant provided inculpating statements to police and

_____

[1]  Appellant alternatively is known as both "Kevin Davis" and "Kevin Cargo."

[2]  Appellant's birthdate falls in January 1958.  Thus, he was nineteen years old at the time of the events in ***Commonwealth v. Cargo***, 444 A.2d 639, 640 (Pa. 1982) ("***Cargo***").  The docket number associated with these proceedings is CP-51-CR-1006341-1977 ("Docket No. 6341").  Separately, Appellant was convicted of a different homicide in parallel criminal proceedings.  ***See***, ***e.g.***, ***Commonwealth v. Davis***, 421 A.2d 179 (Pa. 1980) ("***Davis***"); ***Commonwealth v. Davis***, 47 A.3d 1241 (Pa.Super. 2012) (unpublished memorandum at 10), *allowance of appeal denied*, 51 A.3d 837 (Pa. 2012).  Specifically, Appellant was convicted of killing a man named Frank Johnson on June 7, 1975, *i.e.*, when Appellant was still a juvenile.  ***See Davis***, ***supra*** at 180.  The docket number associated with these proceedings is CP-CR-1006371-1977 ("Docket No. 6371").  The two cases were not consolidated.

These two cases are procedurally related due to post-conviction claims Appellant raised concerning an alleged plea agreement with the Commonwealth, under which he "would waive his right to a jury trial in the 1977 murder of Gerald Kramer and plead guilty to the other open homicide charge for the 1975 murder of Frank Johnson."  In exchange, the Commonwealth would "certify that the murder in the Johnson case would not rise above third degree and the sentence imposed would run concurrently with the sentence in the Kramer case, if Appellant was found guilty of that charge."  ***See Commonwealth v. Kevin Davis a/k/a Kevin Cargo***, 3070 Philadelphia 1993, at *2 (Pa.Super. Nov. 1, 1994).  This deal never came to fruition.  Appellant was convicted at both docket numbers and consecutive life sentences were imposed by the respective trial courts.  On appeal, this Court affirmed the denial of Appellant's claims for relief concerning this alleged plea deal.  ***Id***. at *7.  Thereafter, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant unsuccessfully pursued a *habeas corpus* petition in federal court.

Our review has revealed that there is some confusion in the record regarding the docket numbers associated with these two cases.  Specifically, Appellant has submitted a number of PCRA petitions concerning his juvenile status under Docket No. 6371 that erroneously lists Docket No. 6341, which has resulted in at least one memorandum of this Court that repeats the same

*(Footnote Continued Next Page)*

was convicted of first-degree murder and possession of an instrument of crime in a non-jury trial. He was sentenced to an aggregate term of life imprisonment followed by a consecutive term of two and one-half to five years of incarceration. Appellant filed a direct appeal to the Pennsylvania Supreme Court, which affirmed his judgment of sentence on April 23, 1982.[3] *Id*. at 647. Appellant did not seek allowance of appeal in the United States Supreme Court, and his time in which to do so expired sixty days later on June 22, 1982. *See* U.S. Sup. Ct. R. 20(1).[4] Appellant's sentence became final for the purposes of the PCRA that same day. *See* 42 Pa.C.S. § 9545(b)(3). Thereafter, Appellant filed several petitions for collateral relief between 1993 and 2007, which were all denied.

On October 22, 2015, Appellant submitted the instant, *pro se* PCRA petition claiming that he had received allegedly exculpatory correspondence

---

mistake. *See Davis*, *supra* at 179-80 (erroneously referring to Docket No. 6341). Regardless, our review of the record and the public docket confirms that the instant appeal arises pursuant to a PCRA petition filed at Docket No. 6341, *i.e.*, Appellant's conviction for the murder of Gerald Kramer committed on May 8, 1977. Accordingly, we will focus upon the issues germane to that case.

[3] Pursuant to a since-amended version of 42 Pa.C.S. § 722(1), the Pennsylvania Supreme Court had jurisdiction over appeals "from a finding of guilty of a felonious homicide, where the appeal was filed before November 22, 1980." *Commonwealth v. Jones*, 460 A.2d 739, 740 (Pa. 1983).

[4] As of January 11, 1999, the timeliness of petitions for a writ of certiorari in the United States Supreme Court is governed by U.S. Sup. Ct. R. 13(1), which provides for a ninety-day period of time in which to file a petition.

from a heretofore unknown witness named Diane Robinson, who claimed to have seen events relevant to this matter sometime in 1977. *See* PCRA Petition, 10/22/15, at ¶¶ 14-22. Specifically, this letter was mailed to Appellant as part of a flyer campaign seeking information regarding his conviction. The letter from Ms. Robinson provides, in its entirety, as follows:

> Dear Mr. Davis,
>
> My name is Diane Robinson. While I was waiting to get my hair done[,] I found a flyer between the pages of a magazine I was reading with your name and address. It talked about a cab fire, and I remember a [sic] incident that involved a cab fire during that time.
>
> In 1977, I was stranded in a house at the corner of 17th and Ruscomb St, right across from Logan School. I called a friend name [sic] Cheyenne and around about 4 am or just a little after 4 am he picked me up.
>
> As he pulled out from where he had parked, he almost ran into a cab that cut him off. Crazy Nut and Little Rick was driving the cab. They stopped on 19th Street between Albanus and Sulis Streets and Cheyenne pulled right up behind them. Nut got out and said something to Cheyenne. While they were talking[,] Little Rick drove the cab into the alleyway of Albanus and Sulis Streets and set it on fire. Both of them left in Nut's truck when Little Rick came out the alleyway. Cheyenne took me home. I told my boyfriend and he told me to mind my business. If this [sic] what you're referring too [sic], you can reach me at:
>
> [ADDRESS OMITTED]
>
> If not, sorry I couldn't be of help.
>
> Good luck.

*Id*. at Exhibit 1 (letter dated September 29, 2015, with postmarked envelope).

Appellant claimed that this evidence "establishes that Ms. Robinson observed the men who fled the scene of the shooting and destroyed evidence," which did not include Appellant. *Id*. at ¶¶ 22-23. Thus, he argued that this evidence was exculpatory and would "vindicate" him at a new jury trial. *Id*. at ¶ 24. Appellant also contended that this letter satisfied the timeliness exception to the PCRA for newly discovered facts at 42 Pa.C.S. § 9545(b)(1)(ii) and had been timely raised pursuant to 42 Pa.C.S. § 9545(b)(2). For reasons that are not clear from the certified record, no further action was taken for nearly five years.

On September 17, 2021, the PCRA court filed notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the PCRA court concluded it was untimely and that Appellant had not properly invoked the newly discovered facts exception at § 9545(b)(1)(ii). *See* Order, 9/17/21, at 2. Appellant filed a timely response arguing that the PCRA court had taken too harsh of a view with respect to this timeliness exception. On November 19, 2021, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.[5]

Appellant has raised a single issue for our consideration:

1. Did the PCRA court [err] in denying Appellant's [PCRA] petition as untimely filed when Appellant established that his after-discovered facts claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii) and

---

[5] No practice pursuant to Pa.R.A.P. 1925(b) took place in this matter, although the PCRA court did file an opinion pursuant to Rule 1925(a).

section 9545(b)(2), by not complying with the jurisdictional requirements as mandated in ruling on timeliness?

Appellant's brief at 1. In any case, we must assess the timeliness of this PCRA petition prior to addressing its underlying merits. *See Commonwealth v. Lawson*, 90 A.3d 1, 4 ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely."). In reviewing this matter, "[t]his Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa.Super. 2018).

As noted above, Appellant's judgment of sentence became final on June 12, 1982, when his time in which to petition for a writ of *certiorari* in the United States Supreme Court expired. Thus, the instant petition is facially untimely by over thirty-three years. Nonetheless, Appellant has invoked one of the timeliness exceptions to the PCRA, which provides as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

. . . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within sixty days of the date the claim could have been presented.[6]

42 Pa.C.S. § 9545(b)(1)-(2). Our Supreme Court has provided the following guidance on assessing the applicability of this statutory provision:

> [T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, "the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005). Therefore, our opinion in **Lambert** indicated that the plain language of subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving "after-discovered evidence." Rather, subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) "the **facts** upon which the claim was predicated were **unknown**," and (2) "could not have been ascertained by the exercise of **due diligence**." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth v. Bennett**, 930 A.2d 1264, 1271–72 (Pa. 2007) (cleaned up; emphases in original). In this context, "[d]ue diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not

---

[6] At the time Appellant filed the underlying petition in this matter, the PCRA provided that petitioners invoking a timeliness exception had to file a petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Thereafter, the General Assembly amended the PCRA to increase this time period to one year effective as of December 24, 2018. Accordingly, we will evaluate Appellant's petition pursuant to the sixty-day standard that was in force when it was filed.

require perfect vigilance or punctilious care." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018).

With this legal guidance in mind, we are constrained to conclude that the PCRA court erred in concluding that Appellant's PCRA petition was untimely. Read together, Appellant's PCRA petition and Ms. Robinson's letter evinces that Ms. Robinson's eyewitness testimony was unknown to Appellant at the time of his trial. There is no indication that Ms. Robinson's identity and statements were otherwise known to Appellant or discoverable prior to his receipt of this letter. Indeed, we discern that this information only came to light after Appellant distributed leaflets in the community seeking potential witnesses, thereby demonstrating the requisite reasonable efforts towards due diligence on his part. Thereafter, Appellant filed a petition raising this exception within the sixty-day window provided by § 9545(b)(3) at the time. Accordingly, we find that Appellant's PCRA petition satisfies the timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii). **See Bennett**, **supra** at 1271-72.

However, our review does not end there. We are mindful that this Court "may affirm the decision of the PCRA court if there is **any** basis on the record . . . even if we rely on a different basis in our decision to affirm." **Commonwealth v. Pou**, 201 A.3d 735, 740 (Pa.Super. 2018) (emphasis added); **see also Commonwealth v. Wholaver**, 177 A.3d 136, 145 (Pa. 2018) ("[T]his Court may affirm a valid judgment or order on any reason appearing as of record."). In its order dismissing Appellant's petition, the

PCRA court also concluded that the evidence proffered by Ms. Robinson was not exculpatory and, therefore, would not merit any relief under the PCRA:

> Even assuming [Appellant] met the requirements to overcome the time bar, no relief would be due, because [Appellant] failed to show that the information provided by Ms. Robinson would be exculpatory. . . . Taking the allegations in Ms. Robinson's letter as true, it only establishes that she witnessed two people on an unknown date set a cab on fire in the area near the murder. However, it does not address the shooting for which [Appellant was] convicted, and therefore, would not likely compel a different verdict.

Order, 9/17/21, at 2 n.1. We agree.

To obtain relief under the PCRA on an after-discovered evidence claim, a petitioner must demonstrate that his conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). In reviewing the propriety of an order pertaining to PCRA relief, "we consider the record in the light most favorable to the prevailing part at the PCRA level." *Diaz*, *supra* at 421.

Instantly, the letter from Ms. Robinson does not speak to any aspect of Appellant's conviction for the murder of Gerald Kramer. As the trial court aptly explains, at best, this writing establishes only that Ms. Robinson witnessed two men identified only as "Crazy Nut" and "Little Rick" lit a taxicab on fire in the general vicinity of the murder on an undisclosed date sometime in 1977. Simply stated, this information is not exculpatory and, consequently, would not have altered the outcome of this case. The mere fact that third

parties committed arson in the same year and area of the city as the shooting does nothing to cast doubt upon Appellant's conviction for homicide. Thus, Appellant is not entitled to relief. ***Accord*** 42 Pa.C.S. § 9543(a)(2)(vi) (setting standard for eligibility for relief as to a defendant's claim that their conviction stemmed from the unavailability of "exculpatory" evidence that would have changed the outcome of the proceedings at trial).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022